Maria Ginzburg (MG 1520)
Lee Ann Stevenson (LS 3065)
David I. Horowitz (DH 0921)
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022-4611
(212) 446-4800

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MORGAN STANLEY & CO. INCORPORATED<br><br>Petitioner,<br><br>v.<br><br>MICHAEL M. KOWNACKI<br><br>Respondent. | Case No. 07 CIV 7836<br><br>PETITION FOR CONFIRMATION OF ARBITRATION AWARD |

Pursuant to the Federal Arbitration Act, 9 U.S.C. §9, petitioner Morgan Stanley & Co. Incorporated[1] ("Morgan Stanley") seeks confirmation of, and entry of a final judgment in conformity with, a unanimous arbitration award that was entered by a three-member panel from the New York Stock Exchange ("NYSE") on June 6, 2007.

## PARTIES, JURISDICTION AND VENUE

1. Petitioner Morgan Stanley, a broker-dealer, is a Delaware corporation with its principal place of business in New York, New York.

2. Respondent Michael Kownacki, a former MSDW financial advisor, is an individual currently domiciled in Mahwah, New Jersey.

3. This Court has subject matter jurisdiction over this petition pursuant to 28 U.S.C.

---

[1] Morgan Stanley DW Inc. ("MSDW") was the named respondent in the arbitration. On April 1, 2007, that entity was merged into Morgan Stanley & Co. Incorporated, an affiliated broker dealer.

§1332(a)(1) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of costs and interest.

4. Venue is appropriate in this district under 9 U.S.C. §9 because the arbitration award at issue was made in New York, New York.

## KOWNACKI'S AGREEMENT TO ARBITRATE

5. In December 2000, Michael Kownacki was hired as a Financial Advisor Trainee at MSDW's World Trade Center Branch. Upon hire, Mr. Kownacki signed an employment agreement providing, among other things, that "Any controversy arising out of or relating to this Agreement, or its breach, will be settled by arbitration before either the National Association of Securities Dealers, Inc. or the New York Stock Exchange, Inc., as Dean Witter may elect, in accordance with their respective rules, and judgment upon the award entered by the arbitrator(s) may be entered in any court having jurisdiction thereof." Mr. Kownacki's signed employment agreement is unavailable as it was lost when the World Trade Center collapsed on September 11, 2001. A true and correct copy of the standard employment contract that Mr. Kownacki had to sign upon commencing employment is attached as Exhibit A.

## THE ARBITRATION

6. On October 14, 2003, Mr. Kownacki commenced an arbitration action against MSDW by filing with the NYSE a Statement of Claim purporting to assert various causes of action against MSDW and seeking no less than $4.2 million in damages.

7. On June 6, 2007, after considerable discovery, the filing of an Amended Statement of Claim, further discovery, and thirteen days of hearings before a three person arbitration panel, the panel entered a unanimous award of $125,000, plus interest dating from October 15, 2003 until the award is paid, in Mr. Kownacki's favor, assessing forum fees of $45,000 against MSDW, and assessing $1,500 in pre-hearing conference costs and $1,500 in adjournment fees against Kownacki (the "Arbitration Award"). A true and correct copy of the Arbitration Award is attached hereto as Exhibit B.

8. On June 19, 2007, Morgan Stanley sent a check to Mr. Kownacki's attorney in the amount of $147,791.10 in full accord and satisfaction of the award.

9. Mr. Kownacki has not moved to vacate or modify the award within three months after the award was filed and delivered pursuant to 9 U.S.C. § 12 or within 90 days after delivery pursuant to Section 7511(a) of the New York CPLR. The 90-day period ran on September 4, 2007.

10. Pursuant to the Federal Arbitration Act, 9 U.S.C. §9, Morgan Stanley is entitled to confirmation of the Arbitration Award and entry of a final judgment in conformity therewith.

### RELIEF SOUGHT

WHEREFORE, Morgan Stanley respectfully requests an order of this Court confirming the Arbitration Award, entering final judgment in conformity with the Arbitration Award, and providing such other relief as is just and proper.

Date:   September 5, 2007          KIRKLAND & ELLIS LLP
New York, New York

*[signature: LeeAnn Stevenson]*
Maria Ginzburg (MG 1520)
Lee Ann Stevenson (LS 3065)
David I. Horowitz (DH 0921)
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022-4611
(212) 446-4800
*ATTORNEYS FOR PETITIONER
MORGAN STANLEY & CO.
INCORPORATED*

Exhibit A

**MSDW 9**

**‎RGAN STANLEY DEAN WITTER**

**FINANCIAL ADVISOR TRAI[NEE]
EMPLOYMENT AGREEM[ENT]**

This Agreement is made between Dean Witter Reynolds Inc., a Delaware Corporation, (referred to as "Dean Witter")
_____ (referred to as the "Employee").

In consideration of Dean Witter's employment and compensation of the Employee as a trainee for a position as an ‎unt Executive and Dean Witter's incurring of costs of training the Employee in Dean Witter's training program, and other ‎ and valuable consideration, the parties hereby agree as follows:

**CUSTOMER LISTS AND OTHER CONFIDENTIAL INFORMATION**

All records and documents concerning the business and affairs of Dean Witter (hereinafter "Company Records"), and the right to use Company Records, are, and will always be the confidential and exclusive property of Dean Witter. Company Records include, but are not limited to, Dean Witter books and records; holding book or customer book pages; the names, addresses, telephone numbers, and assets and obligations carried in the accounts [commonly called positions"] of Dean Witter's customers; computer software or hardware for use in computer or word processing equipment; all training material forwarded to Employee during the training program including but not limited to books, papers, records, videotapes and recordings; and document or computer programs prepared or generated by the Employee by the use of Company Records. Company Records include the originals and all copies thereof. The Employee's use of Company Records will stop immediately upon the first of the following events to occur: the Employee's (1) voluntary or involuntary resignation, (2) retirement, (3) release, (4) discharge, (5) suspension, or (6) acceptance of other employment.

The Employee, during the course of his employment with Dean Witter, will not remove Company Records from the premises of Dean Witter in either original or copied form, except in the ordinary course of conducting business for, and subject to approval by, Dean Witter. The Employee will immediately deliver to Dean Witter, upon acceptance of other employment, at the time of termination of employment, or at any other time upon Dean Witter's request, any Company Records in the Employee's possession or control.

The Employee will not at any time assert any claim of ownership or other property interest in any Company Records. The Employee will permit Dean Witter to inspect any materials to be removed from Dean Witter offices when he accepts other employment or when his employment with Dean Witter is terminated.

The Employee will not disclose to any person or entity the contents, in whole or in part, of Company Records, except in the ordinary course of conducting business for Dean Witter.

Both during and subsequent to the course of his employment with Dean Witter, the Employee will not divulge to any person any information received during the course of his employment concerning the business of the firm and its financial affairs.

**UNFAIR COMPETITION**

For a period of one year following termination of employment for any reason, and within a radius of one hundred (100) miles from the Dean Witter office to which the Employee was last assigned, the Employee will not solicit or attempt to solicit, directly or indirectly, any of Dean Witter's customers who were served by or whose names became known to the Employee while in the employ of Dean Witter with respect to securities, commodities, financial futures, insurance, tax advantaged investments, mutual funds or any other line of business in which Dean Witter or any of its affiliates is engaged.

For a period of one year following termination of employment for any reason, the Employee will not, directly or indirectly, recruit or solicit any employee of Dean Witter for employment with any other organization which does business in securities, commodities, financial futures, insurance, tax advantaged investments, mutual funds or any other line of business in which Dean Witter or any of its affiliates is engaged.

**RIGHT TO INJUNCTION**

In the event the Employee breaches any of the promises concerning "Customer Lists And Other Confidential Information" or "Unfair Competition" contained in paragraphs 1 and 2 of this Agreement, the Employee acknowledges that Dean Witter's remedy at law for damages will be inadequate and that Dean Witter will be entitled to an injunction to prevent the Employee's prospective or continuing breach and to maintain the status quo pending arbitration as provided in paragraph 9 of this Agreement. Dean Witter's application to a court of law for an injunction will not constitute a waiver by Dean Witter of its right to arbitration as provided in paragraph 9 of this Agreement. The Employee further agrees that any court of law which issues an injunction shall refer any claim for damages to arbitration as provided in paragraph 9 of this Agreement.

**REPAYMENT OF TRAINING COSTS**

In the event of voluntary termination or termination for cause either of which occurs within three years from the date the Employee is assigned a Dean Witter production number, the Employee will pay to Dean Witter the amount of $50,000, representing the expense incurred by Dean Witter in training the Employee. This amount will be reduced by $8,333.33 for each full six-month period Employee is in production at Dean Witter. The above liquidated damages will not constitute liquidated damages for other breaches of this Agreement or losses to Dean Witter.

MS/K 00604
CONFIDENTIAL

**HOLD HARMLESS**

The Employee will indemnify and hold Dean Witter harmless against any and all losses or liabilities incurred by Dean Witter as the result of the Employee's breach of any of the promises herein, or due to the Employee's errors, customer account debits, commission deficits, rule violations or violations of Dean Witter's policies during the course of Employee's employment. Employee agrees that DWR shall have the right, without notice, to withhold from any amounts payable, due or held in an account for the Employee, as compensation or otherwise, amount(s) equal to any such losses or liabilities.

**TERMINATION OF EMPLOYMENT**

The Employee's employment by Dean Witter may be terminated by either party at any time with or without cause.

**COMPENSATION**

Provided Employee remains in full-time continuous employment with Dean Witter as an Financial Advisor Trainee, Dean Witter agrees to pay Employee a monthly salary of $_____ during the training period prior to Employee's going into production. Employee understands and agrees that this monthly salary covers all hours worked up to sixty hours in one week.

Employee understands and agrees that this salary will be calculated in the following manner:

$_____ hourly rate (first 40 hours)
$_____ time and one-half the hourly rate (hours 41-60 in a week)

Hours worked in excess of sixty (60) in any given workweek (Monday-Sunday) will be compensated at a rate of time and one-half the hourly rate stated above. Employee understands that work in excess of sixty (60) hours per workweek must have prior approval of Employee's branch manager.

Upon entering into production after the initial training program, Employee's compensation shall be paid in accordance with Dean Witter's standard compensation program for Financial Advisor Trainees and Financial Advisors as in effect from time to time.

**ENTIRE AGREEMENT**

This writing constitutes the entire agreement of the parties with respect to the subject matter herein. This Agreement may be amended only by a writing signed by both the Employee and Dean Witter.

**ARBITRATION**

Any controversy or claim arising out of or relating to this Agreement, or its breach, will be settled by arbitration before either the National Association of Securities Dealers, Inc. or the New York Stock Exchange, Inc., as Dean Witter may elect, in accordance with their respective rules, and judgment upon the award entered by the arbitrator(s) may be entered in any court having jurisdiction thereof. Employee agrees to stipulate, upon request by Dean Witter to expedited hearing procedures for such arbitration. This paragraph will not be deemed a waiver of Dean Witter's right to injunctive relief as provided for in paragraph 3 of this Agreement.

**SUCCESSORS**

The benefits and obligations of this Agreement will run to the successors and assigns of Dean Witter.

**GOVERNING LAW**

This Agreement will be governed and construed in accordance with the laws of the state where the Employee signs this Agreement, as indicated below.

**WAIVER**

Dean Witter's failure to enforce a breach of any covenant of this Agreement will not constitute a waiver of Dean Witter's right to enforce any other breach of the same or any other covenant.

**SEVERABILITY**

If any provision of this Agreement is, for any reason, adjudged to be void, invalid or unenforceable by an arbitrator or arbitration panel, a regulatory body or a court of law, the remainder of the Agreement will still continue and remain in full force and effect.


SIGNED IN THE STATE OF _____


_____    _____
Date                     Employee's Signature


DEAN WITTER REYNOLDS INC.

_____    _____
Date                     Branch Manager's Signature

MS/K 00605
CONFIDENTIAL

Exhibit B

# ▪ NYSE Regulation

NYSE Regulation
In the Matter of Arbitration Between

---

Case: Michael M. Kownacki v. Morgan Stanley DW Inc.
Docket: 2003-014635

---

**Attorneys:**
For Claimant(s): Jenice L. Malecki - New York, NY
For Respondent(s): Lee Ann Stevenson - New York, NY
Maria Ginzburg - New York, NY

---

Date Filed: 10/14/2003          First Scheduled: 09/12/2005          Decided: 06/04/2007

---

**Case Summary:** Claimant, a former employee of Member firm Respondent, alleges wrongful termination, failure to pay compensation for business generated by Claimant and failure to pay severance benefits for termination of employment.

---

Product:                              Market:

---

**Claim:**

|  | Claim |
|---|---|
| Claim: | $4,200,000.00 |
| Punitive: | UNSPECIFIED |
| Atty Fees: | UNSPECIFIED |
| Deposit: | $1,500.00 |

---

**Award:**

|  | Award |
|---|---|
| Award: | $125,000.00 |
| Punitive: | $0.00 |
| Atty Fees: | $0.00 |
| Costs: | $3,000.00 |

Forum Fees: $45,000.00

Case: Michael M. Kownacki v. Morgan Stanley DW Inc.
Docket: 2003-014635

Decision: The undersigned arbitrator(s) have decided and determined that in full and final settlement of all claims between the parties that:

Respondent shall pay to Claimant the sum of $125,000.00 as an award on the claims; that Respondent shall pay simple interest to the Claimant at the rate of 5% per year, from October 15, 2003, the date the Statement of Claim was filed, until the award is paid in full; that the NYSE Regulation forum fees, $45,000.00, are assessed against Respondent; that Pre-Hearing Conference costs, $1,500.00, are assessed against Claimant; that adjournment fees, $1,500.00, are assessed against Claimant.

Remarks:

The undersigned arbitrators hereby affirm that they have executed this instrument which is their award:

Arbitrators: (D = Dissents)       Signatures:
    Alan R. Sloate
    Doris C. Lindbergh
    John J. Doherty

City, State: New York, NY         Date: 06/04/2007

Sessions: 30
Hearing Dates:
    06/20/2006 , (1)
    01/08/2007 , (2)
    01/11/2007 , (2)
    01/12/2007 , (2)
    01/09/2007 , (2)
    12/11/2006 , (2)
    02/05/2007 , (2)
    02/06/2007 , (2)
    02/08/2007 , (2)
    01/19/2007 , (2)
    02/09/2007 , (2)
    02/13/2007 , (2)
    03/19/2007 , (2)
    03/23/2007 , (2)
    05/03/2007 , (2)

10/28/2005 , (1)